# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 11-60876
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 25, 2012

Lyle W. Cayce
Clerk

LILIANA ISABEL PONCE-CALIX,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 841 562

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Honduras native Liliana Isabel Ponce-Calix petitions for review of the Board of Immigration Appeals' (BIA) denial of her application for asylum, withholding-of-removal, and protection under the Convention Against Torture. She challenges only the denial of withholding-of-removal, however, and therefore waives any challenge to the denial of other relief. *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60876

Ponce contends her credible testimony established she suffered past persecution in Honduras based on her encounters with a neighbor, Correia, and his family, which persecution was on account of her membership in a particular social group: "Honduran women who have been victims of violence or abuse by Honduran men who believe women are to live under male domination". She asserts her testimony shows her life was threatened first by Correia and later by his parents, and this was sufficient to qualify her for withholding-of-removal.

The BIA's legal conclusions are reviewed *de novo*; its findings of fact, under the substantial evidence test. *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). The BIA's determination that Ponce is not eligible for withholding-of-removal is a finding of fact. *Id.* at 906. To prevail, she must show the evidence compels a contrary conclusion such that no reasonable fact-finder could have reached the BIA's decision. *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).

The BIA determined Ponce did not establish a nexus between any persecution in Honduras and a statutorily protected ground. 8 U.S.C. §1101(a)(42) (protecting refugees who suffer persecution in home countries due to race, religion, nationality, social group, or political opinion). The record establishes Correia and his parents acted for purely personal reasons, not because of Ponce's membership in any particular social group. This renders her ineligible for relief. *E.g., Thuri v. Ashcroft,* 380 F.3d 788, 792-93 (5th Cir. 2004). As the immigration judge found, Ponce's testimony shows "her entire family", not just the female members, was subject to threats from Correia and his parents. The evidence further establishes that her family, including her sister and children, continue to live in Honduras without incident, which undercuts her claim of likely future persecution. *E.g.*, *Eduard v. Ashcroft*, 379 F.3d 182, 193 (5th Cir. 2004).

DENIED.